BLACKMAN vs. THE STATE OF GEORGIA.*

1. Where a long extract from a charge is excepted to and a portion of it is undoubtedly legal, it is the duty of the excepting party to separate that which is not legal from that which is proper.

(a) Where, in a trial for murder, the court had charged the jury as to their right to recommend the defendant to imprisonment for life if they found him guilty, it was bad practice for him to further state to them that if they should find the defendant guilty, the court could, if he saw proper, change the verdict and spare the man's life by imprisoning him in the penitentiary, but that was a question entirely for the court, and would not arise unless their verdict was as stated. Such a charge might have had the effect of lessening the jury's sense of responsibility or dividing the responsibility with the presiding judge. In this case the judgment would not be reversed on this ground; but the practice of referring to the judge's power in such a case is a bad one.

2. Where, before the jury was empanelled, the defendant made a motion for a continuance on the ground of the absence of witnesses, and the court delayed the case and sent for and procured such witnesses, but on the trial they were not introduced, the case being one of circumstantial evidence, it was error to permit counsel for the State, over the objection of the defendant, to refer in his argument to what the defendant, in his motion for continuance,

---

*BLANDFORD, J., did not preside in this case, on account of indisposition.

had said he could prove, and to mention that the defendant had failed to make such proof and insist upon this as an evidence of guilt.

May 9, 1887.

Practice in Supreme Court. Criminal Law. Charge of Court. Practice in Superior Court. Attorney and Client. Before Judge FORT. Schley Superior Court. September Term, 1886.

Reported in the decision.

E. F. HINTON; J. S. McCORKLE; J. C. MATHEWS; B. H. WILKINSON, for plaintiff in error.

CLIFFORD ANDERSON, attorney-general; C. B. HUDSON, solicitor-general; E. A. HAWKINS; E. G. SIMMONS, for the State.

HALL, Justice.

1. Blackman was indicted and found guilty of the murder of S. J. Tondee, and sentenced to death. This is the second conviction and sentence of that character. The first was set aside by this court because the case was too precipitately brought to trial, when it was apparent that it was impossible for the defendant, after the recent appointment of his counsel, to make a suitable preparation for his trial. As to the character of this homicide, there can be no doubt. It was unquestionably a deliberate, cold-blooded murder, committed by an assassin, who evidently laid in wait for the purpose of wreaking his vengeance upon the deceased. No one saw the perpetrator of the deed, and the evidence connecting the defendant with the transaction is entirely circumstantial. Upon his conviction the second time, he made a motion for new trial upon some thirty grounds. It is only necessary to consider a few of them. The first we shall notice is the 7th ground of the motion, viz: That the court erred in charging the jury as follows: " There are comparatively few offences

v 78-38

which, under our humane law, are punishable with death; but the grave offence charged against this prisoner is one for which life may be forfeited, and the jury are to determine, after they shall have first determined the question of guilt or innocence, the question of life or liberty. If the jury shall be of the opinion that there are circumstances in the case which require that the defendant should be imprisoned in the penitentiary for life, or if, as a mere matter of grace or favor in this case, you should think that was a proper verdict, you should say, 'We, the jury, find the prisoner guilty, and recommend that he be imprisoned in the penitentiary for life.' But if you should be of opinion that there are no circumstances which could appeal to your mercy, that there are none which, looking to the best interests of society, require the exercise of clemency, or if there should be no other legal reason, such as the court has told you would be in your province, and should be of opinion that this was a case in which to inflict the extreme penalty of the law, then you will write your verdict, 'We, the jury, find the defendant guilty.' The legal effect of that verdict would be that the defendant would be deprived of his life, unless the court should see fit to commute ; for in cases of circumstantial evidence, the law of our State, in its great humanity, first allows the jury, if they should find the accused guilty, to reduce the penalty to imprisonment in the penitentiary for life ; and even after the jury should say that the defendant ought to hang—if such should be their verdict—the court can, if he sees proper, change that verdict and spare a man's life by imprisoning him in the penitentiary for life ; that is a question, however, entirely for the court, and does not arise unless your verdict should be as just stated." The criticism that the attorney-general makes upon this exception to the charge is that a portion of it is undoubtedly law; but he insists (and thereby implies that there must be a doubt as to another portion of it) that it was the duty of the party excepting to separate that which was law

from that which, under the circumstances, was not law and was not applicable. This objection, it seems to us, is just and proper. We understand, however, that it is only the latter part of the charge that the defendant's counsel claimed to be erroneous, in which the court told the jury that they had nothing to do with his discretion as to the punishment in a certain event; that it was a question solely for the judge; and if they had nothing to do with it, why did he lay it before them? This may have had the effect to lessen their sense of responsibility, at least to divide that responsibility with the presiding judge. While we would not reverse the case for an error of this sort, we think the practice a bad one, and that the court will best discharge its duty by reading the jury the law which gives them power over the subject of the commutation of the death penalty. Time and again we have said that, and we repeat it. Indeed, we reversed one case because we thought the court had, by his instructions, abridged the powers of the jury in that respect. This charge does not abridge the powers of the jury in any such way; and while we think it had better have been omitted, we will not interfere with the judgment of the court on that ground.

There are a number of other grounds in this motion for new trial upon which we think it unnecessary to remark, for the reason that, on another hearing, the errors complained of, if any exist (which we think is very doubtful, except as to one ground alone, upon which the new trial is granted), will not occur.

2. On the twenty-third ground of this motion we shall be compelled to send this case back for another hearing. That ground complains that the court, despite the objection of the defendant's counsel, permitted Edgar M. Butt, Esq., one of the counsel for the State, to refer in his argument to what the prisoner in his motion for continuance said he could prove, and to mention that the defendant had failed to prove what he said he could prove, and to insist upon this before the jury as an evidence of guilt. On the

Blackman *vs*. The State of Georgia.

margin of the paper containing this ground of the motion there is the following note, signed by the judge :

"Defendant made a motion for continuance on account of absent witnesses ; the court delayed the case and sent for and procured the absent witnesses ; they were not introduced, and Judge Butt "—

Here the note ends. It undoubtedly shows that he had not reached the end of what he intended to state; he probably intended to add more, but the record does not show what it was. Now this defendant, as appears from the record, had made a motion to continue this case for the absence of certain witnesses, by whom he expected to prove that he was not near the scene of the homicide at the time it took place. These persons were sent for. They appeared, but he failed to introduce them. This motion was made, it will be remarked, before the jury was empanelled, and was probably made in writing, or if made orally, there was no evidence of it before that jury ; and it was certainly a very damaging circumstance to allow counsel to proceed and argue the guilt of the prisoner from his failure to produce these witnesses ; and when the court's attention was called to this subject, he should promptly have reproved the proceeding and admonished the jury that it was improper, and that they should give it no attention ; but this he seems to have declined. Unless this was a case of circumstantial evidence so strong as to imperatively demand the finding the jury made, we can easily see how injury, and great injury, might have resulted to this defendant from such a course of proceeding. The defendant may be guilty, and may have been proved to be guilty, but his guilt could be established only by legal testimony properly introduced to the jury by witnesses with whom he was entitled to be confronted. Has the defendant had a fair trial with none but legal testimony before the jury ? We think not; we cannot undertake to say what influence the circumstances improperly insisted upon in the argument may have had upon the jury ; and a new trial is therefore granted solely upon the 23rd ground of the motion.

Judgment reversed.