103  239
d109 509

## CUNNINGHAM v. THE STATE.

1. While it is, on the trial of an indictment for assault with intent to murder, the duty of the judge to instruct the jury that it is within their power, in the event they find the accused guilty, to recommend that he be punished as for a misdemeanor, he should not in the same connection also instruct them that "it is within the discretion of the court to punish him as for a misdemeanor, with or without your recommendation." That the judge has and may exercise such power is not proper matter for consideration by the jury. An error of this kind is not, however, in view of previous adjudications by this court, cause for a new trial.

2. The verdict in the present case is supported by the evidence, and this court will not interfere with the discretion of the trial judge in refusing to set it aside.

Submitted December 6, 1897. — Decided January 10, 1898.

Indictment for assault with intent to murder. Before Judge Candler. Fulton superior court. October term, 1897.

Cunningham was indicted for assault with intent to murder, committed by shooting at Stanford with a pistol. After verdict of guilty, a motion for a new trial was overruled, and defendant excepted. The commission of the crime was proved, and the issue of fact was as to whether it was committed by defendant or another. The conviction rests upon numerous circumstances testified to, tending to connect defendant with

the act, together with certain admissions made by him tending to the same effect. The motion for a new trial is upon the general grounds, and because the court erred in charging the jury in the following language: "If you should find this defendant guilty, under the law, it rests in your discretion to recommend that he be punished as for a misdemeanor. It is within the discretion of the court to punish him as for a misdemeanor, with or without your recommendation." It is contended that this is an illegal and misleading charge; that the last sentence of it renders a recommendation by the jury worthless, and practically destroys whatever discretion they may have as set out in the first sentence; and that it is further erroneous, because the court failed to charge in the same connection in the language of the Penal Code, section 1037.

*Upshaw & Robinson*, for plaintiff in error.
*C. D. Hill, solicitor-general*, contra.

LUMPKIN, P. J. Section 1036 of the Penal Code declares that all felonies, except those specially designated therein, shall be punished as misdemeanors "on the recommendation of the jury trying the case, when such recommendation is approved by the judge presiding on the trial," and further, that "If the judge trying the case sees proper, he may, in his punishment, reduce such felonies to misdemeanors." In *Johnson* v. *The State*, 100 *Ga.* 78, this court held that upon a trial for a felony to which the above-cited section is applicable, it was the duty of the judge to give in charge to the jury its provisions, in so far as the same conferred upon them the power of recommending that the accused be sentenced as for a misdemeanor. We do not think, however, that the judge should go further and instruct the jury that, with or without a recommendation on their part, he could, if he saw proper, punish the accused as for a misdemeanor. They should not, in passing upon the question of making or withholding a recommendation, be in any manner influenced or controlled by what the judge has the power to do in the premises. In dealing with this question, they should be left entirely free and unconstrained. As to the point in hand, the case of *Blackman* v. *The State*, 78 *Ga.* 592, is very much in point. It was there held

that in a trial for murder it was bad practice for the judge, after charging the jury as to their right to recommend that the accused be punished by imprisonment for life, to further inform them that the judge could, if he saw proper, it being a case founded upon circumstantial evidence, "change the verdict and spare the man's life by imprisoning him in the penitentiary." It was said that "such a charge might have had the effect of lessening the jury's sense of responsibility, or dividing the responsibility with the presiding judge," and that "the practice of referring to the judge's power in such a case is a bad one." Obviously, the language embraced in the above-quoted extracts could very appropriately be applied to the present case. It was, however, held in the volume last cited, that the error just referred to would not be sufficient cause for reversing the judgment. A new trial was granted on other grounds; and after another trial, in which the judge repeated the same error, and which resulted in a second conviction, the case again came to this court (see 80 *Ga.* 785), when the impropriety of the judge's informing the jury as to his power respecting the punishment in such a case was again pointed out, but also held not to be good cause for granting a new trial, and the judgment was affirmed. In view, therefore, of the manner in which this court dealt with *Blackman's* case, we feel constrained to hold that the error committed by the judge in the case now before the court is not sufficient to warrant a reversal of the judgment.

The above disposes of the only question of law which the present record presents for our determination. The evidence was sufficient to warrant the jury in finding the accused guilty of the offense for which he was indicted. We therefore let the judgment stand; but we take this occasion to express the hope that in future trials our brethren of the superior court, in charging concerning the power of juries to make recommendations in felony trials, will make no reference at all to the power which the law gives in these matters to the judges themselves. The practice of so doing has been plainly condemned in *Blackman's* case, and that fact, in connection with what is here said, ought to be sufficient to settle finally and definitely the course which should hereafter be pursued.

*Judgment affirmed.    All the Justices concurring.*