### 3675.   HARRIS *v.* THE STATE

HILL, C. J.   1.. If one of the jurors who convicted the accused was the first cousin of the prosecutor, this would be a valid ground for a new trial, provided the fact of relationship was unknown to the accused and his counsel at the time of the trial (*Brown* v. *State*, 28 *Ga.* 439; *Bullard* v. *Trice*, 63 *Ga.* 165), and provided, further, that this ground of the motion be shown to be true, either by accompanying affidavits or by recitals in the motion, verified by the trial judge.   In this case the fact of the relationship is not shown, and the trial judge expressly refuses to verify the recital of the fact of the relationship in the motion for a new trial.

2. In a prosecution for the sale of intoxicating liquors, where only one sale was proved, and the character of the accused was not put in issue, it was improper for the solicitor-general, in the concluding argument, to refer to the accused as "this notorious character, this notorious blind tiger;" and, on objection made to such language, it was the duty of the judge to reprimand the solicitor-general and instruct the jury to disregard the improper reference to the accused.   *Miller* v. *State*, 8 *Ga. App.* 540 (69 S. E. 922).   Where, however, the improper language is used and objected to, and the judge stops the solicitor-general and reprimands him in the hearing of the jury, by saying, "Mr. Solicitor, that is an improper argument," and counsel for the accused make no request to the court, either to declare a mistrial or to instruct the jury to disregard the improper language, and rests content with the reprimand as made, a new trial will not be granted on this ground.

3. The testimony admitted over objection was wholly irrelevant, immaterial, and harmless.   The verdict is supported by the evidence, and no error of law appears.                                         *Judgment affirmed.*

DECIDED NOVEMBER 7, 1911.

Accusation of sale of liquor; from city court of Greenville—Judge Revill.   August 5, 1911.

*N. F. Culpepper,* for plaintiff in error.

*J. E. Justiss, solicitor,* contra.