### 4522.  LOWTHER *v.* CITY OF WAYCROSS.

1. One view of the evidence in behalf of the prosecution suggested an inference which authorized the argument of the city attorney to which objection was offered, and the court did not err in overruling the objection.  Furthermore, for manifest reasons, a greater latitude in argument upon the evidence is allowable in a trial before a judge than before a jury.

2. Even if the act of the General Assembly, approved August 17, 1909 (Acts of 1909, p. 1456), creating a new charter for the City of Waycross is unconstitutional, the ordinance which is attacked would be valid, remaining of full force and effect under the previous municipal charter of the City of Waycross.  Upon this the decision is controlled by the ruling of this court in *Young* v. *Waycross,* 11 *Ga. App.* 846 (76 S. E. 648).

DECIDED MAY 6, 1913.

Certiorari; from Ware superior court—Judge Parker.

*J. S. Walker,* for plaintiff in error.  *C. L. Redding,* contra.

RUSSELL, J.  In the legal principles involved, this case differs in one respect only from that of *Young* v. *Waycross,* 11 *Ga. App.* 846 (76 S. E. 648).  As in the *Young* case, the plaintiff in error attacks the validity of the ordinance of the City of Waycross, passed July 27, 1900, by the terms of which it was made unlawful for any person to keep for illegal sale, barter, or exchange, within the corporate limits of the said city, any vinous, spirituous, malt, or intoxicating liquors.  The plaintiff in error was tried by the mayor of the City of Waycross, adjudged guilty, and sentenced to pay a fine of $100 and to work on the chain-gang of the city for ninety days.  Counsel for the plaintiff in error, in his brief, practically abandons the contention that the conviction is not sufficiently supported by the evidence, but urges that the certiorari should have been sanctioned because of improper remarks of counsel, and because of the invalidity of the ordinance under which the accused was adjudged guilty.

It appears from the record that the attorney for the city, in the course of his argument, used the following language: "Will Lowther is not guilty of selling this liquor himself, but he is undertaking to shield some one higher, and not having told who it

was, he himself is guilty." This argument was objected to, on the ground that there was no evidence to support it, that there was no evidence of any other person being connected with the sale of the whisky, and that counsel was expressing his individual opinion as a fact. In our opinion, these objections were properly overruled. The case of *Moore* v. *State*, 10 *Ga. App.* 805 (74 S. E. 315), which is cited in support of the contention that the argument was improper, dealt with a statement which was clearly prejudicial to the accused; and, while the ruling there made is adhered to, this court, in deciding the *Moore* case, did not overlook the cardinal principle that injury must concur with error in order to warrant a new trial upon review. In the present case a not improbable result attaching to a logical conclusion from the remarks made by the city attorney might have been an acquittal.

Granting the contention that in the evidence there is nothing to show that the accused was undertaking to shield some one higher, as he was accused of keeping intoxicating liquor for sale, proof of a sale (for which the municipality could not punish him) is merely indirect evidence, and in the present case the only evidence from which a "keeping for sale" can be inferred; and when the city, through its attorney, admitted that the accused was not guilty of selling the liquor, but was merely undertaking to shield some one else, the admission could well have been taken as an admission that the city had failed to make out its case, and the objectionable language, so far from being prejudicial to the accused, would have been beneficial to him if greater importance had been attached to it by the mayor. It was a non sequitur that the defendant was guilty because he had not named the person "higher up" whom the city attorney suspected of being the real seller.

*Judgment affirmed.*