*C. L. Redman, solicitor,* contra.

---

## 5223.  MANNING v. THE STATE.

The language of the solicitor-general in concluding the argument for the State was improper, highly inflammatory in character, and calculated to prejudice the jury against the defendant, and was not warranted by the evidence. The trial judge should have declared a mistrial, or have strongly admonished the jury that the language was improper and that they should disregard it in their deliberations.

DECIDED OCTOBER 29, 1913.

Indictment for sale of liquor; from Laurens superior court—Judge Hawkins. September 5, 1913.

*T. E. Hightower,* for plaintiff in error.

*E. L. Stephens, solicitor-general,* contra.

HILL, C. J.   On the trial of one for the offense of selling liquor, the solicitor-general, in closing his argument, used the following language: "These blind tigers are running around all over the country, sending souls to hell, and have no respect for Jesus Christ or woman, and you ought to stop that kind of stuff. Everything you hear is people all over the country talking about blind tigers, and I ask you not to tolerate this stuff, and I ask you to help me convict them." The attorney for the accused objected to this language, and moved the court for a mistrial. Unquestionably the language used by the solicitor-general was improper, and the court should have declared a mistrial, or should have admonished the jury that the language was improper and not to regard it or give it any weight in their deliberations. The case is a close one on the

evidence, and for this reason we more readily grant a new trial. It was not a fair inference, from the evidence, that the defendant was a "blind tiger" as defined by the Supreme Court. Only one sale was proved, and that by a witness who probably had ill will towards the accused.       *Judgment reversed.*