### 5606.    JONES *v.* THE STATE.

WADE, J.    1. Where the defendant's character is not in evidence, and his statement at the trial is all that is offered in his behalf, it is especially important that nothing be done or said by counsel for the State, in con-

travention of the legal proprieties, that might naturally tend to discredit the defendant before the jury.

2. The prosecuting attorney, during the progress of argument by one of the counsel for the defendant, and in response to a statement by him to the jury that the defendant had never been arrested and had never had a case against him in the courts before, arose, and, addressing the court in the presence of the jury, said: "I object to the argument of counsel for the defendant, inasmuch as the defendant's character has not been put in evidence and the State had no right to show the bad character of defendant or to rebut the statements of the defendant's counsel, when in fact defendant's counsel knew that the statement was untrue, and that the defendant had in fact served a term in the penitentiary." Immediately counsel for the defendant moved the court to declare a mistrial on account of this statement. *Held*, that the motion should have been granted. *Western & Atlantic Railroad Co.* v. *Cox*, 115 *Ga.* 715 (2), 717 (42 S. E. 74); *Ivey* v. *State*, 113 *Ga.* 1062 (39 S. E. 423, 54 L. R. A. 959), and cases therein cited; *Moore* v. *State*, 10 *Ga. App.* 805 (74 S. E. 315).

3. The fact that the defendant's counsel violated the rules and made statements not based upon the evidence in the case would not authorize counsel for the State to do likewise, especially under the facts in this case. Injuria non excusat injuriam, or, in homelier phrase, "two wrongs do not make a right." *Bennett* v. *State*, 86 *Ga.* 401 (12 S. E. 806, 12 L. R. A. 449, 22 Am. St. R. 465); *Nixon* v. *State*, ante, 261 (80 S. E. 513).

4. While the evidence for the State clearly established the guilt of the accused, and this court is therefore loath to set aside the verdict against him, his statement at the trial negatived explicitly what was alleged by the State's witness, and under the law it was the right of the accused to have his statement go to the jury for consideration, without improper comment by the solicitor, tending to destroy his credibility or minimize the effect of the statement.                    *Judgment reversed.*

DECIDED MAY 14, 1914.

Accusation of carrying concealed weapon—Judge Cabaniss. March 17, 1914.

*A. M. Zellner,* for plaintiff in error.
*J. M. Fletcher, solicitor,* contra.