### 17924.  BRYAN *v.* THE STATE.

The prosecuting attorney's remarks in his argument to the jury on the trial of the accused, who was charged with having liquor in his possession, to the effect that so long as people from other counties were allowed to come into the county and make liquor and flood the county with it, and "get away with it," corrupting the morals of the people of the county, they would never be able to enforce the prohibition law in the county, were irrelevant, not deducible from the evidence, and prejudicial to the rights of the accused; and the court erred in overruling the motion for a new trial, in which it was complained that the judge failed to declare a mistrial, on motion of counsel for the accused, because of this improper argument.

DECIDED APRIL 12, 1927.

Possessing liquor; from Taliaferro superior court—Judge Perryman.  December 16, 1926.

*Hugh E. Combs,* for plaintiff in error.

*M. L. Fells, solicitor-general,* contra.

LUKE, J.  The defendant was convicted of having intoxicating liquor in his possession.  The first special ground of the motion for a new trial alleges error "Because the court failed to declare a mistrial in this case, on motion of counsel for the defendant, then and there made, said motion being made upon the ground of improper argument of counsel for the State, the argument and conduct of counsel for the State being as follows:  'Now, gentlemen of the jury, so long as you allow people from other counties to come into your county and make liquor, and flood your county with it, and get away with it, corrupting the morals of the people of the good old county of Taliaferro, you will never be able to enforce the prohibition law .in your county.'  The court, in overruling the motion, stated, in the presence of the jury, 'I think the solicitor was entirely within his rights.'"  This was error which requires the grant of a new trial, (1) because the remarks of the

Criminal Law, 16 C. J. p.'897, n. 93; p. 899, n. 4; p. 909, n. 46; p. 1141, n. 72, 73; 17 C. J. p. 357, n. 34.

solicitor-general related to the violation of the prohibition law generally, when they should have been confined to the case on trial. Such remarks were prejudicial to the rights of the defendant. A general violation of the prohibition law by others is no reason whatever for the conviction of the accused. (2) Because such arguments by the solicitor, in order to be permissible, must be deducible from the evidence, and we find no evidence in the record to show that the juries of Taliaferro county were allowing people from other counties to come into the county and make liquor, and flood the county with it, "corrupting the morals of the people of the good old county of Taliaferro." (3) Because the remarks of the solicitor-general "were allowed to go unrebuked and with the apparent sanction and approval of the court." In the case of *Manning* v. *State*, 13 *Ga. App.* 709 (79 S. E. 905), the remarks of the solicitor-general, like those complained of in the instant case, referred to violations of the prohibition law in general, rather than to the particular case on trial, and in that case this court, speaking through its Chief Judge, said: "The language of the solicitor-general in concluding the argument for the State was improper, highly inflammatory in character, and calculated to prejudice the jury against the defendant, and was not warranted by the evidence. The trial judge should have declared a mistrial, or have strongly admonished the jury that the language was improper and that they should disregard it in their deliberations." See also *Pelham & Havana R. Co.* v. *Elliott*, 11 *Ga. App.* 621 (5), 626 (75 S. E. 1062); *Southern Marble Co.* v. *Pinyon*, 144 *Ga.* 259 (1); *Butler* v. *State*, 142 *Ga.* 286 (82 S. E. 654). The remarks of the solicitor-general in his argument to the jury were irrelevant, not deducible from the evidence, prejudicial to the rights of the accused, and necessitate the grant of another trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*