### 21791. PRINCE *v.* THE STATE.

DECIDED NOVEMBER 11, 1931.

*Chastain & Henson,* for plaintiff in error.

*A. B. Spence, solicitor-general,* contra.

BLOODWORTH, J. 1. The defendant was properly found guilty of larceny from the house. The evidence showed that Sheriff Rellihan had locked up the defendant in jail and then went back to Nicholls and got Alfred Meeks and searched the house of the defendant. The sheriff testified as follows: "Alfred is an officer of that district and found in the dining-room some meat. None of this meat here is that meat I left out there. It was in the safe in the dining-room. It was about middle way under the bed in a little trunk. This meat was in a safe in the dining-room. It was about middle way under the bed in a little wooden trunk. Walter Prince lived there. That middling and ham (indicating) is the meat. The middling would weigh about 25 pounds. It was folded like it is now. The flabby side towards the backbone. It was lying in the trunk just that way (indicating). This is the ham that I found in the trunk with the other meat, and that is the middling and ham which I showed W. P. Rowell which I recovered from the house of the defendant." W. P. Rowell testified: "On the 2d day of January, 1931, I lost, I am satisfied, 400 pounds of meat. I have seen some of the meat since. That meat there is my meat. I identify it because I know it by the looks of it, and when it was

spread out in the barn the tobacco flue was moved and smut fell and settled on the meat. The meat carried to me has smut on it. I knew it also by the way it was cut up, and the size of the meat, and by some nuck bones being knocked off."

2. Under all the facts of the case the refusal to declare a mistrial, the motion being based on certain alleged inflammatory remarks made by the solicitor-general in the concluding argument to the jury (the solicitor-general having withdrawn the remarks and the court instructing the jury to disregard them), does not require a reversal of the judgment.

3. It does not appear that the court abused its discretion in overruling the ground based upon alleged newly discovered evidence. *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*