34897.   JOSEY *v.* THE STATE.

Decided November 24, 1953.

*T. Arnold Jacobs,* for plaintiff in error.

*Wm. M. West, Solicitor-General, C. F. Adams, Assistant Solicitor-General,* contra.

Gardner, P. J.   ■   As a new trial must be granted to the defendant on account of the error committed in denying his motion for a mistrial, and as the evidence upon a new trial may be different from that on the present trial; this court will not express any opinion as to the facts.

■   In special grounds 1 and 2 of the motion for new trial, the defendant complains of the refusal of the trial judge to declare a mistrial, upon motion timely made by his counsel, because of certain voluntary statements made by the prosecuting witness, Willie Washington, as to the fact that the defendant was not married and was unlawfully living with the woman known as Dorothy Josey, as his wife, and that taxicab drivers (the defendant

being a taxicab operator) usually had "girl friends." One of these statements was made by the prosecutor, during the cross-examination of the witness by the defendant's counsel, and was not responsive to any question put by the defendant's said counsel; the other statement was made during the redirect examination of the witness by the solicitor, more or less in response to the questions to the witness by the solicitor. The trial judge—upon the moving by counsel for the defendant for a mistrial on the ground that such remarks were voluntarily made and not responsive to the questions propounded to him, but were highly improper and harmful and prejudicial—instructed the jury that such remarks had nothing to do with the case and for the jury not to consider them, and also stated to the witness that he should refrain from making such statements, and confine his testimony to answering the questions propounded.

No error requiring the grant of a new trial appears from special grounds 1 and 2. These statements were not of a character so inherently prejudicial that their effect could not be erased from the jury's minds by an instruction from the court that they were improper and should not be considered. See *Brown* v. *State*, 57 *Ga. App.* 864, 865 (197 S. E. 82); *Jackson* v. *State*, 135 *Ga.* 684 (70 S. E. 245).

■ In special ground 3 error is assigned upon the action of the trial court in denying the motion for a mistrial, based upon the remarks of the solicitor in his argument to the jury. It appeared from the evidence that John I. Beck, who was a City of Macon detective, and had been so employed about ten years, testified in behalf of the defendant relative to the character of the prosecutor and his general reputation for violence, and stated that he wanted to help the defendant. On cross-examination by the solicitor, the witness said that he testified for the defendant as he desired to help him because the defendant "has helped me." In arguing to the jury, the solicitor, in dealing with the testimony of this witness and commenting thereon, said to the jury: "Mr. Beck, a member of the detective department and an officer, is trying to protect this negro (defendant, John Josey) because he gives this officer information." The defendant objected to this statement by the solicitor and moved that the judge grant a mistrial, in that such remarks were heard by the

jury and were prejudicial and inflammatory. The court denied this motion and held to the effect that the solicitor could properly draw such inference from the evidence.

This remark of the solicitor-general was not a proper inference from the testimony of the witness. It was very prejudicial and injected into this case something which was not authorized by the evidence and tended to inflame the jurors and prejudice them against this defendant. For any man to be pointed out as a police "informer" and "spotter," that is, as a person who secretly furnishes information to the police concerning the activities of those with whom he associates and with whom he is presumably friendly, resulting in the apprehension and conviction of such persons, is to lower him in the estimation of his fellows and society generally. For the solicitor to implant in the minds of the jurors the thought that the defendant was a police informer and a "stool pigeon" was to seriously impair his standing as a man before the jurors. Such an aspersion could easily persuade some otherwise doubtful juror against the defendant. There is no doubt as to the prejudicial nature of the statement of the solicitor objected to. Code § 81-1009 provides that, "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." It has long been the rule that, where the character of the defendant has not been placed in evidence, it is improper for the solicitor to make any statements discrediting the defendant's character. *Jones* v. *State*, 14 *Ga. App.* 568 (81 S. E. 801). This is so even though the State clearly established the guilt of the accused person. *Jones* v. *State*, supra. In *Manning* v. *State*, 13 *Ga. App.* 709 (79 S. E. 905), the solicitor in his argument used highly improper and inflammatory language, calculated to prejudice the jury against the defendant and not warranted by the evidence, and this court said: "Unquestionably the language used by the solicitor-general was improper, and the court should have declared a mistrial, or should have admonished the jury that the

language was improper and not to regard it or give it any weight in their deliberations. The case is a close one on the evidence, and for this reason we more readily grant a new trial. It was not a fair inference from the evidence, that the defendant was a 'blind tiger' as defined by the Supreme Court." In the case at bar there can be no question as to the prejudicial nature of the statement by the solicitor-general, and the trial court not only denied the motion to declare a mistrial, but failed and refused to instruct the jury and admonish the solicitor-general. The trial judge erroneously held that such remark was one fairly inferable from the facts proved. The testimony of the witness that the defendant has "helped me and I want to help him" did not mean that the witness meant that the defendant had "informed" against persons for the officer and for that reason the officer wanted to help him. This was not a fair inference from the evidence. There was no effort on the part of the court to comply with the provisions of the above Code section. See also *Harris* v. *State*, 10 *Ga. App.* 70 (72 S. E. 516) ; *Miller* v. *State*, 8 *Ga. App.* 540 (69 S. E. 922). It is the duty of the solicitor-general to refrain from making statements, in his argument to the jury, which are unauthorized and which will tend to prejudice a jury against a defendant. See *Brown* v. *State*, 57 *Ga. App.* 864, 865, supra.

■ There is no merit in the contention of the defendant that the court erred in sustaining the objection of the State and in refusing to permit counsel for the defendant to argue the defendant's good character to the jury. Counsel contends that a person is presumed to be of good character, and that a defendant enters upon the trial of a criminal case with the presumption in his behalf that he is a man of good character and that where the same is not refuted and overcome by the prosecution such presumption prevails, and the jury may be so informed by his counsel in arguing the case. This is not the law prevailing in this State. The only provision, under our law, to present to the jury that a man is of good character must be initiated by the defendant. The State has no right to refer generally to the defendant's character unless the defendant himself puts his character in evidence.

■ In special ground 5, the defendant assigns error upon the

refusal to grant his motion for a mistrial. It appears that the solicitor-general in his argument before the jury stated, "as long as I am in the solicitor's office, I do not intend to ever knowingly prosecute an innocent man. If I were not satisfied in my own mind that this defendant is guilty, I would not be standing before you arguing that you convict him," and the defendant insists that this statement consisted of the personal belief of the solicitor-general, was not predicated upon the proved facts, and was an improper and prejudicial remark. Immediately upon the making of this motion by the defendant, the solicitor-general withdrew such remarks, stating at the time: "I believe counsel is right about that, and I will withdraw that statement." The trial judge thereupon, in the presence and hearing of the jury, stated: "I construed the solicitor-general's statement as being his deduction from the facts. If he was expressing a personal opinion, of course, the objection is well taken. Neither counsel has the right to express a personal opinion as to what the facts of the case are. They can only argue as to what they say the facts show the situation to be. I do not know whether you are attempting to express a personal opinion." The solicitor-general then stated to the jury: "I am speaking from the facts, what has been testified to. The elements of assault with intent to murder have been clearly made out, and you will be charged on all these principles of law, and, of course, you may already have an opinion in this case, gentlemen, but I do want to point out that the elements necessary to make out assault with intent to murder have been shown by the evidence." The defendant recites in this ground as follows: "The court overruled the motion for mistrial made by movant's counsel and failed to rebuke the solicitor and did not expressly instruct the jury to disregard the statement of the solicitor in which he expressed his personal conviction as to movant's guilt." The defendant urges that the court erred in immediately, without further ado, denying the motion for a mistrial and that such error was harmful and prejudicial to him, in that the jurors had a high opinion of the solicitor-general as an officer of the court, reposed great confidence in him, and they understood from the statement so made that he knew that the defendant was guilty else he would not prosecute him. The defendant contends that

because of these remarks of the solicitor-general the fairness of this trial was destroyed.

The defendant further contends that the court's refusal of a mistrial was further erroneous in that the court failed to rebuke the solicitor, and in the charge there was nothing by way of instructions to the jury as to their disregarding the statement, and the court did not instruct them that they must try the case strictly on the evidence and not on the solicitor-general's opinion as to the case.

That such a statement by the solicitor-general is improper is not to be denied. *Broznack* v. *State,* 109 *Ga.* 514 (35 S. E. 123); *Moore* v. *State,* 10 *Ga. App.* 805 (74 S. E. 315). The Code provision, quoted hereinabove, is mandatory, and provides that, where improper and prejudicial remarks are made in the hearing of the jury, "it is the duty of the court to interpose and prevent the same; and, on objection made, he *shall* also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds." (Italics ours.) Code § 81-1009. "It is the duty of the court, with or without objection, to interpose, prevent and rebuke improper argument, and to endeavor by proper instructions to remove from the minds of the jury improper impressions made by unfair argument." *Georgia Power Co.* v. *Puckett,* 181 *Ga.* 386 (3) (182 S. E. 384).

In *Johnson* v. *State,* 150 *Ga.* 67 (102 S. E. 439), the court, after the solicitor-general made the objectionable remark as to his belief in the defendant's guilt, promptly expressed its disapproval thereof, and instructed the jury not to consider such remarks. In the case at bar, however, the solicitor-general withdrew such statement, and the court denied the motion for a mistrial. The court did not express any disapproval of such remarks or instruct the jury not to consider them. The judge did, however, state that, if the solicitor-general was expressing his personal opinion as to the defendant's guilt, such statement was not proper, but that he construed the remarks of the solicitor-general to have been deduced from the facts. The court failed to make any effort to remove the harmful effect, if any, of these remarks from the minds of the jury. It is our opinion that it was the duty of the trial judge, even though the solicitor-general

had withdrawn the statement objected to, to express his disapproval thereof and instruct the jury clearly that they were not to consider the same in determining the case, and it was error for the court to fail so to do. In those cases wherein the Supreme Court and Court of Appeals ruled that, the solicitor-general having withdrawn the improper statement made and apologized to the court, the trial judge did not err in refusing to grant a mistrial, it appeared that the judge had instructed the jury that such remarks were improper and were not to be considered by the jury, and they were not to be influenced thereby. *Reese* v. *State*, 3 *Ga. App.* 610 (60 S. E. 284) ; *Smalls* v. *State*, 105 *Ga.* 669 (31 S. E. 571) ; *Prince* v. *State*, 44 *Ga. App.* 299 (161 S. E. 284) ; *Bryant* v. *State*, 197 *Ga.* 641 (4) (30 S. E. 2d 259) ; *Furney* v. *Tower*, 36 *Ga. App.* 698 (137 S. E. 850). In the case at bar no such instructions were given to the jury.

It follows that the court erred in denying the defendant's motion for a new trial as amended.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*