37101. CLEMENTS v. THE STATE.

DECIDED APRIL 24, 1958.

*J. Walter Cowart, James E. Lucas,* for plaintiff in error.

*Andrew J. Ryan, Jr., Solicitor-General, Sylvan A. Garfunkel, James F. Glass, Jack H. Usher, Assistant Solicitors-General,* contra.

GARDNER, Presiding Judge. 1. There is ample evidence, besides that of the female, to corroborate her statement regarding the offense of sodomy. We see no benefit to be gained by reiterating the sordid evidence here. The brief of evidence is approved by the trial court. The assignment of error as to the general grounds is not meritorious.

2. Special ground 1 contends substantially as follows: "Because the verdict is contrary to law and the principles of justice and equity, rendered so by the verdict of the jury, in that said verdict made res adjudicata the question of force, and unless there was force employed, the prosecutrix was a co-offender or coconspirator with the defendants in the crime of sodomy, making her testimony admissible only against herself." We are not concerned here with the verdicts of not guilty of rape and robbery by intimidation. This is true because a verdict of not guilty was returned on both of those charges, and it follows that those indictments had nothing to do with the verdict of guilty of the offense of sodomy. It might be well to mention here that no point was made before the rendition of the verdicts of not guilty of rape and of robbery, and the contention of counsel for

the defendant that a verdict of not guilty to those two offenses renders the testimony of the female inadmissible except against herself. As we have stated and discussed in the general grounds, the testimony of the female is sufficiently corroborated by other witnesses. This special ground is not meritorious.

3. Special ground 2 assigns error because it is alleged that the court erred in failing to grant a mistrial because of certain remarks made by the solicitor-general. The following colloquy took place: "Mr. Ryan: 'Now if your honor please, at this time I want to ask who are these people sitting at the defense table?' Mr. Lucas: 'I don't know whether you can ask that or who can ask it.' Mr. Ryan: 'I will put them on the stand; that's all right.' Mr. Lucas: 'May it please your honor, I have a motion to make.' The court: 'Alright, exclude the jury.' (The jury was taken out.) Mr. Lucas: 'A motion for mistrial. I want to make a motion based on a certain argument, sir. In all cases of this kind the attorney has a right to sit his clients in any part of the courtroom; and Mr. Ryan, jumping up in the presence of the prosecutrix and virtually causing defendants to be identified by this woman, has prejudiced our case.' Mr. Ryan: 'I didn't even know them myself.' The court: 'I overrule your motion. However, I will instruct the jury to disregard any statement of outburst that the solicitor-general may have made. Let the jury come back.' The jury was so instructed, but the solicitor was not rebuked." In view of the admonition of the judge to the jury and in view of all the record in this case, this special ground is not meritorious. Counsel for the defendant call our attention to the following cases: *Fitzgerald* v. *State,* 184 *Ga.* 19 (190 S. E. 602), *Manning* v. *State,* 13 *Ga. App.* 709 (79 S. E. 905), *Jones* v. *State,* 14 *Ga. App.* 568 (1) (81 S. E. 801), *White* v. *State,* 19 *Ga. App.* 230 (91 S. E. 280), *Brown* v. *State,* 57 *Ga. App.* 864 (197 S. E. 82), and *Woodard* v. *State,* 91 *Ga. App.* 374 (5) (85 S. E. 2d 723). The facts and contentions of the defendants in those cases have no similarity to the facts and the contentions in the instant case.

4. Special ground 3 assigns error because it is alleged that the court failed to charge fully on the law applicable to corroboration required along with a confession. The court charged: "A

confession freely and voluntarily made is direct evidence of the highest character and when properly corroborated is sufficient to authorize a conviction." It is alleged that the court should have charged: "A confession freely and voluntarily made is direct evidence of the highest character, and when properly corroborated by proof of the corpus delicti, is sufficient to authorize a conviction." There was no request to so charge. In view of the whole charge of the court, this special ground shows no cause for reversal.

The court did not err in any of the rulings.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*