## THE BANK OF THE UNIVERSITY *vs.* BELL.

Where a note payable to husband and wife was placed in bank for collection, the bank having notice that it was given for property of the wife, and when collected the amount was paid, by direction of the husband, to a partnership debt of the latter, the bank thereby became liable to the wife.    The fact that it was a partnership debt to which the money was appropriated does not change the rule, for that is a debt of the husband.

Husband and wife.    Contracts.    Before Judge COBB. City Court of Clarke County.    April Term, 1880.

Reported in the decision.

GEORGE D. THOMAS, for plaintiff in error.

T. W. RUCKER, by J. T. GLENN, for defendant.

HAWKINS, Justice.

The defendant in error, E. C. Bell, brought an action of assumpsit in the city court of Clarke county, to recover of the plaintiff in error one thousand dollars, besides interest, which she alleged was due her on the following statement of facts. By consent of counsel for both parties to the case, it was tried before Hon. Howell Cobb, judge of said court, without the intervention of a jury. The defendant, now the plaintiff in error, filed a plea of the general issue, and the case went to trial before the judge as aforesaid, on the following agreed statement of facts, to-wit:

1. The plaintiff, E. C. Bell, inherited from her grandfather, A. H., in the state of North Carolina, a tract of land which was her separate and individual property. She sold the same to S. H. for one thousand dollars, taking his note therefor payable to A. A. Bell and wife, or bearer (A. A. Bell being husband of plaintiff).

2. A. A. Bell brought said note to the Bank of the University, plaintiff in error, and gave it to said bank for collection, the maker being a resident of North Carolina. The said bank did, through their correspondents, collect the said note at maturity. The officers of said bank knew that said note was given for land which belonged to E. C. Bell, the plaintiff.

3. When said amount was so collected, A. A. Bell ordered the bank aforesaid to place the same to the credit of Summey, Hutcheson & Bell, on their note payable to Mrs. S. A. Turner, who had also left said last mentioned note with said bank for collection. A. A. Bell was a member of said firm of Summey, Hutcheson & Bell. Mrs. Turner then ordered this sum of money placed to

her credit on a note which she owed the said Bank of the University, which was done.

4. Mrs. Turner, and P. W. Hutcheson, of the firm of Summey, Hutcheson & Bell, were solvent at the time of these transactions, and are still so. The Bank of the University had no knowledge of any transaction between Mrs. Bell and her husband, or with Summey, Hutcheson & Bell, if any occurred- Nor did said bank ever have any dealings with Mrs. Bell or know her in the transactions in any way other than is above set forth.

After argument the court gave judgment for the plaintiff, E. C. Bell, against the defendant, the Bank of the University, for said sum of one thousand dollars with interest.

The plaintiff in error, the Bank of the University, assigns the same as error. The only question involved in the case is whether the defendant is liable. It was insisted here by the counsel for the plaintiff in error that the bank was not liable at all, and if liable, was only liable for one-half of the amount sued for, for the reason that the debt of the husband was a partnership debt, the other partners being solvent. When the Bank of the University collected the money on the note, they knew that the same was the property of Mrs. Bell, and having by the order of the husband placed the same to the credit of the firm of which Bell, the husband, was a member, the liability then attached. The note belonging to Mrs. Bell was her property, and when collected the money was hers and subject to her draft or order, and knowing the fact that the note and money were hers, the payment of the money to the debt of the husband rendered the bank liable, and it can make no difference whether it was paid to the individual or partnership debt of the husband. The law makes no distinction whether it is a trust, personal or partnership debt; it declares that the payment of her money to the debt of the husband is illegal, and this court has settled the right of the wife to recover from any and

all persons who so deal with her money with notice. The policy of our law is to protect the property and money of married women from the debts of the husband. If the question was *res integra* we might modify the strictness of the rule, but the uniform decisions of this court are in accordance with this ruling, and we adopt the maxim *stare decisis*.

Let the judgment of the court be affirmed.