## GLAWSON v. THE STATE.

1. There are no reversible errors of law, either in the charge of the court, the refusals to charge, or in any other of the rulings of which complaint is made. Two motions for mistrial were made during the progress of the case, on the ground of unfair and inflammatory argument for the prosecution. In one instance the record is not clear and definite as to what was said. Counsel for the accused, as shown by the recitals in his motion, did not insist upon the accuracy of his complaint, and the court plainly disagreed as to what actually occurred. In the other instance the court declined to approve the ground.
2. The verdict was amply supported by the evidence and was approved by the trial judge. There was no error in overruling the motion for a new trial.

OCTOBER 20, 1916.     REHEARING DENIED NOVEMBER 18, 1916.

Indictment for murder. Before Judge Mathews. Bibb superior court. May 20, 1916.

Richard Glawson was indicted in the superior court of Bibb county for the murder of his wife. The defendant and his wife were living in a state of separation. She refused to live with him, because he had failed to pay the house-rent, and to buy provisions. Several witnesses testified that the defendant, prior to the time of the homicide, had threatened to kill his wife if she refused to come back and live with him. On the morning of the killing the deceased had gone into the back yard for some charcoal. Here she met the defendant, who asked her if she was coming back to live with him. She replied that she was not; whereupon the defendant began to cut her with a knife. She screamed and said, "Please, Rich, don't cut me again." The defendant continued to cut her, inflicting several wounds in her back, and then stabbed her over her left breast. She threw her apron over her head and ran towards the house, where she fell dead upon the back porch. The defendant wiped his knife, put it in his pocket, and walked down the street.

On the trial the defendant introduced no evidence, but made his statement, which was in substance as follows: He came up to the back steps of the house where his wife was, and heard her in the room talking. He called to her twice; the door opened a little, and he thought it was his sister-in-law. He came up the hall, and a man jumped from behind a dresser and started at him to cut him. The defendant's wife said, "That is my husband; don't cut him." The statement of the accused thus concluded: "I had a little

knife in my hand, and I opened it; and if I stabbed her any time I didn't do it intentionally. I was trying to keep that man off of me until I could get to my door, and my wife wheeled and says, 'Run, Rich,' . . and I run and left her and the man in the house."

The jury found the defendant guilty, and he was sentenced to be hanged. He made a motion for a new trial, which was over-ruled, and he excepted.

*John R. Cooper* and *Akerman & Akerman,* for plaintiff in error.

*Clifford Walker,* attorney-general, *John P. Ross,* solicitor-general,. and *Mark Bolding,* contra.

GILBERT, J. (After stating the foregoing facts.)

1. There were no reversible errors of law, either in the charge of the court or in any other of the rulings of which there is complaint. Two motions for mistrial were made during the progress of the case, on the ground of unfair and inflammatory argument upon the part of counsel for the prosecution. In one instance the record is not clear and definite as to what was said by the solicitor-general. Counsel for the accused, as shown by his motion, did not insist upon the accuracy of his complaint, and the court disagreed as to what occurred. In the other instance the court declined to approve the ground as it appears in the motion. In the light of the judge's note, there was no cause for declaring a mistrial.

Counsel for the plaintiff in error treat the case as if the accused accidentally killed his wife in defending himself from an attack made by a paramour of the wife under circumstances indicating illicit relations. The evidence does not hint at such a state of facts, nor does it appear in the statement of the prisoner.

The law of voluntary manslaughter is not involved in this case, and it was not error to refuse a request to charge on this subject. Counsel for the plaintiff in. error insist that the law of voluntary manslaughter is involved, and cite as authority for such claim the following cases: *Biggs* v. *State,* 29 *Ga.* 723 (76 Am. D. 630); *O'Shields* v. *State,* 125 *Ga.* 310 (54 S. E. 120); *Jackson* v. *State,* 135 *Ga.* 684 (70 S. E. 245). All of these cases are predicated upon the existence of illicit relations upon the part of the wife of the accused with her paramour.

Requests to charge the jury, based upon the theory that the accused found his wife "at night in company with a man, and the

wife then and there disclosed that she was guilty of acts of infidelity, and that the man, in whose company she was, was her paramour, and that she intended to continue her acts of infidelity and lascivious intercourse with the man in whose company she was found," were not applicable to the facts of this case, and were properly refused. The requests for instructions to the jury, based upon the contention that at the time of the killing the wife of the accused was guilty of illicit relations, "or that she acted in such a manner or used such words as to cause him to believe in her infidelity, and he believing it, in a sudden heat of passion supposed to be irresistible, killed his wife," etc., were properly refused, because not applicable to the facts of the case.

The principles of section 70 of the Penal Code of 1910, in so far as the same were applicable, were given in charge to the jury. Hence an assignment of error based on the refusal of the court to so instruct the jury is without merit.

A request to charge the jury the principle found in section 75 of the Penal Code, that "All other instances which stand upon the same footing of reason and justice as those enumerated shall be justifiable homicide," was not adjusted to the evidence, and was properly refused. *Judgment affirmed. All the Justices concur.*