## 11476.    JONES *v.* THE STATE.

BLOODWORTH, J. "In the absence of a timely written request the failure to charge upon the credibility of witnesses, the mode of impeachment, or the weight that should be given to the testimony of witnesses successfully impeached, will not be reversible error." *Smith* v. *State,* 7 *Ga. App.* 710 (2) (67 S. E. 1048).

"When an exception is taken to alleged improper remarks of the solicitor-general in the argument of the case, and the court qualifies it by the statement that he did not hear the remarks, and, therefore, cannot say whether the ground is true or not, this leaves the ground unapproved and prevents its consideration by this court." *Lewis* v. *State,* 7 *Ga. App.* 56 (65 S. E. 1072).

"Improper remarks by the solicitor-general, unrebuked by the judge, will not work a reversal of the judgment in this case, as no objection was made and no ruling of the court invoked." *Herndon* v. *State,* 111 *Ga.* 178 (3), 181 (3) (36 S. E. 634, 635), and cit.

The principles announced above are applicable to the second special ground of the amendment to the motion for a new trial.

The evidence supports the verdict.

>    *Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
>
>    DECIDED JUNE 15, 1920.

Accusation of sale of intoxicating liquor; from city court of Oglethorpe — Judge Greer.   March 3, 1920.

*Gilbert C. Robinson,* for plaintiff in error.

*John B. Guerry, solicitor,* contra.