## 12784.  THOMPSON v. THE STATE.

A new trial is required because of the inflammatory character of statements of the State's counsel in his argument to the jury, which the court, in overruling the defendant's motion for a mistrial, held to be " proper argument." BROYLES, C. J., dissents.

DECIDED NOVEMBER 17, 1921.

Indictment for violation of liquor law; from Colquitt superior court — Judge Thomas. August 4, 1921.

*Dowling, Askew & Whelchel*, for plaintiff in error.

*C. E. Hay, solicitor-general, W. A. Covington*, contra.

LUKE, J. The defendant was convicted of violating the prohibition statute. The only assignment of error that we consider of merit is that the court failed to declare a mistrial upon the defendant's motion because State's counsel, in his concluding argument before the jury, made use of the following language: " Gentlemen of the jury, the county commissioners have legally appointed your county police, and largely for the protection of the country women and children. You know how it is out there in the country, gentlemen; that they are without police protection and exposed always to drunken, vagrant negroes; that you yourselves, as you sit here, are possessed by the haunting possibility that on your return to your home you may be confronted by the corpse of a murdered child in your door, or at your door the idiotic face

of a ruined wife. " At the conclusion of this argument, timely motion for mistrial was made. The court, in overruling the motion for a mistrial, said, in the presence and hearing of the jury, " I hold that it is proper argument. " State's counsel turned to the jury and said: " Gentlemen of the jury, his honor says that is proper stuff. " We think that the defendant's motion to declare a mistrial should have prevailed. The statement of the attorney for the State was inflammatory in character, and the court should have admonished the jury not to be influenced by such argument. The error is not cured by the note of the trial judge, wherein the judge states that the assignment of error shows upon its face that the argument was based upon an effort of State's counsel to defend the use and employment of county policemen who offered to be witnesses for the State, and that the court thought the argument justifiable. Officers of court should be most careful in the language employed in the argument of the State's cases to juries. It is never necessary to influence or arouse by inflammatory argument the passions of a conscientious juror.

The assignments of error other than that dealt with above are without merit. For the reason pointed out, it was error to overrule the motion for a new trial.

*Judgment reversed. Bloodworth, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. I do not think that, under all the particular facts of this case, the refusal of the court to declare a mistrial or to rebuke the solicitor-general requires a new trial. The evidence fairly *demanded* the verdict, and therefore the error of the court was harmless. Furthermore, it clearly appears that the improper remarks of the solicitor *did not inflame* the minds of the jury, since, although they found the defendant guilty of a felony, they *recommended a misdemeanor punishment, which was imposed by the judge.*