24706. HAMMOND v. THE STATE.

GUERRY, J. The defendant was indicted for the possession of intoxicating liquor. The solicitor in his argument to the jury said: "there was [is?] bootlegging all over the country and the defendant ought to be convicted." The counsel for defendant thereupon moved the court for the grant of a mistrial for this prejudicial remark and the motion was overruled. The court did not rebuke counsel or tell the jury to disregard this statement. *Held:* While counsel may "under the fullest inspiration of excited genius give vent to their glowing conceptions, in thoughts that breathe and words that burn" (*Berry* v. *State,* 10 *Ga.* 511), yet it is important that the verdict of a jury should be based only on legal evidence properly submitted to them; and remarks of counsel, not in evidence nor drawn from evidence, irrelevant and immaterial to the vital issue, and used ostensibly only for the purpose of prejudicing the minds of the jury against the defendant, where a motion for mistrial is made and there is no rebuke of counsel by the court and no charge to the jury to disregard such statement, require the grant of a new trial. The fact that bootlegging was occurring all over the country, if such is a fact, could have no possible bearing upon the question of whether the defendant was in possession of intoxicating liquors. We therefore think a new trial should be granted. See *Washington* v. *State,* 87 *Ga.* 12 (13 S. E. 131); *Fair* v. *State,* 168 *Ga.* 409 (148 S. E. 144); *Ivey* v. *State,* 113 *Ga.* 1062 (39 S. E. 423, 54 L. R. A. 959); *Hudson* v. *State,* 101 *Ga.* 520 (28 S. E. 1010); *Bryan* v. *State,* 36 *Ga. App.* 656 (137 S. E. 797).

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED MAY 3, 1935.

226

*Price Edwards,* for plaintiff in error.

*Hal C. Hutchens, solicitor-general, S. W. Ragsdale,* contra.