WORTHY *v.* THE STATE.

</div>

No. 11781.  MAY 14, 1937.

404

*Herman E. Talmadge, Carl D. Levy,* and *Joseph S. Crespi,* for plaintiff in error.

. *M. J. Yeomans, attorney-general, John A. Boykin, solicitor-general, J. W. LeCraw, O. H. Dukes, E. G. Arnall, E. J. Clower, D. M. Parker,* and *E. E. Andrews,* contra.

JENKINS, Justice. With respect to the ruling made in paragraph 5 of the syllabus, there was no error in admitting the testimony of a witness, that, a few days after the homicide, the defendant came at night to a room where the witness was with a female companion, poked a pistol through a hole in the door,

wanted to pawn the pistol to the witness for fifty cents, and asked the witness to take it, for the reason then stated by the defendant that he was in trouble, that "I killed a white man across town, and I want some money to get out of town," over the objection that the only identification of the defendant as the person talking was hearsay and based merely on the statement then and there made by the female companion that it was the defendant. There was no objection to the witness's statement as to what the woman said. A person may be identified by testimony based on the recognition of his voice. *Fussell* v. *State*, 93 *Ga.* 450 (2) (21 S. E. 97). In addition to testifying that the person talking to him was the defendant, the witness further stated that after the first conversation he and the defendant were confined in the same jail cell until the day before the trial, and that the defendant there "talked to me about this gun—he told me not to say nothing about that gun, and nothing about he had said about killing a man." From thus hearing the defendant talk on the occasion in question, and from afterwards hearing him talk, and from what the defendant last said about the pistol, the witness had a basis that was not merely hearsay for his testimony of identification. Moreover, in apparent reference to the first occasion referred to in this testimony, the defendant in his statement admitted that he was in possession of the pistol on the date testified by this witness, and in effect admitted that he was the person present at the time and place testified, by stating: "The first time I ever seen [the pistol] in my life was that night. He didn't open the door; how could he see me. He could not swear it was me, when he didn't even open the door."

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents, and Beck, P. J., absent because of illness.*

RUSSELL, Chief Justice, dissenting. After a careful consideration of the record, I am firmly convinced that the plaintiff in error is entitled to a trial, which he has not had; a fair and impartial trial under the laws of Georgia. I therefore think that the court erred in refusing the motion to declare a mistrial. I am also of the opinion that the evidence is insufficient to prove the guilt of the accused beyond a reasonable doubt. The various circumstances which are relied upon by the State would most of them apply to any person of similar size physically to the ac-

cused. As was said by Mr. Justice Lamar in *Patton* v. *State*, 117 *Ga.* 230, 238 (43 S. E. 533) : "Such things ought not to occur. Where possible, they should be nipped in the bud before they have had time to ripen into damage. It is not necessary to wait for either party to object. The court itself has an interest. The public has an interest, and it is a high privilege which the judge has to act on his own motion. Civil Code, § 4419 ; *Augusta & Summerville R. Co.* v. *Randall*, 85 *Ga.* 297, 319 (11 S. E. 706) ; *Farmer* v. *State*, 91 *Ga.* 720 (18 S. E. 987). Where the court acts without being asked, the remedy is far more effective, and in most cases will undo what has been improperly done. Such promptitude will generally obviate the necessity of declaring a mistrial."