### REEVE BROS. v. GUEST (four cases).
### Nos. 10356, 10357.

Circuit Court of Appeals, Fifth Circuit.

Jan. 4, 1943.

For prior opinion see, 131 F.2d 710.

W. W. Dykes, of Americus, Ga., for appellants.

De Lacey Allen, of Albany, Ga., for appellees.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

In our previous opinion we applied Rule 51 of the Rules of Civil Pro-

cedure, 28 U.S.C.A. following section 723c, to the records in these cases, as printed. On petition for rehearing it is alleged that objections to the refusal of the court to give the specially requested charges were duly made. We have pursuant to our Rule 23, examined the unprinted portions of the transcripts of the records on appeal and find that there was a colloquy with the judge, omitted in printing, in which such objections were duly made. We will in such circumstances, even on petition for rehearing, consider unprinted matter which ought to have been printed, and so doing here we hold that objections were timely made to the court's refusal of the requested charges. We therefore proceed to examine such requested charges on the argument already had.

■ Several of the requests in each case sought to defeat recovery merely because Claire Guest, the driver of the automobile, had obtained her driver's license by misrepresenting her age and was driving the car while of an age less than the law permitted. These requests were properly refused and charges to the contrary properly given for the reasons and on the authorities stated in the former opinion.

■ Two requests in each case sought to have the jury instructed that the Georgia statute, which requires the operator of a motor vehicle on a highway to give due warning by his signalling device and reduce speed upon approaching any sharp curve, dugway, descent or other dangerous place upon such highway, applied to the dugway through which the driver here passed just before the collision, and to the intersection of the private road from which the truck was approaching if the surroundings made it a dangerous place; and that failure to do what the statute required would be negligence per se, and if that negligence caused the collision, there could be no recovery. The judge instructed the jury that the statute was inapplicable because it created a duty only towards people using the highway and not towards persons on a private road, in a field, or other place not a public highway; and that as to the last named persons, the only duty

was ordinary care. In so doing, we think the court erred. The statute, copied in the margin,[1] does require in its first clause a warning "to every person riding or driving any horse or horses or horsedrawn or other vehicle, which he may meet or approach", and this clause may apply only to those already on the highway and in sight when the signal ought to be given, but it was liberally construed to protect pedestrians also in Sprayberry v. Snow, 190 Ga. 723, 727, 10 S.E.2d 179. The second clause requiring signal and reduced speed at curves, dugouts, and dangerous places contains no words which would restrict its protection to persons already on the highway. This clause applies to situations in which there is difficulty in seeing ahead, and is as much needed for the protection of those about to enter the highway as of those already on it. We think persons and vehicles approaching the highway and in the act of entering it are within the statutory protection. A failure to do what the statute requires is of course negligence per se, but would not be a bar to recovery unless it was the sole cause of the injuries; though as a contributing cause it would operate to reduce the recovery of those persons to whom it may be chargeable; Whatley v. Henry, 65 Ga. App. 668, 16 S.E.2d 214. Verbal criticism may be made of these requests, but they were not refused for such a reason, but because the judge held the statute not applicable. We think we should treat them as sufficient to raise the question of the applicability of the statute and because they were not given or covered by a correct charge, we grant a new trial in all the cases.

Judgment reversed.

McCORD, Circuit Judge (dissenting).

I agree that the unprinted portions of the record show substantial compliance with Rule 51 of the Rules of Civil Procedure, and that timely objections were made to the court's refusal to give the specially requested charges.

The majority opinion on rehearing recognizes that all the requested charges were

---

[1] Georgia Code of 1933, Sect. 68-306: "The operator of a motor vehicle or motorcycle in motion on any public street or highway shall give due and timely warning, by using his signalling apparatus, to every person riding or driving any horse or horses, or horse-drawn or other vehicle, which he may meet or approach; and he shall likewise give due warning and reduce speed upon approaching any sharp curve, dugway, descent or other dangerous place upon such street or highway."

properly refused with the exception of those relative to the alleged duty of Claire Guest to sound the horn of the automobile. I think that these charges, too, were properly refused.

The charges as to the duty of Claire Guest to sound the horn are in substance identical in each of the cases:

Charge 10, Record 10,356; Charge 5, Record 10,357.

"If you believe from the evidence that the road, as constructed, at the approach ·to the place 'where the accident occurred, or that anything else in the way of an intersecting drive-way, or the condition of the sides of the road, which created an obstruction of the view of a person driving, in any way created a dangerous condition, then I charge you that it was the duty, under the law, of the driver of the Guest automobile and the parents of the driver of·the Guest automobile in the car with her, to have sounded or caused the sounding of the horn on the automobile and to slow down the speed in approaching the place where the accident occurred, and if they failed to sound the horn, and failed to slow down the speed in approaching this particular place, that was a violation of the law of Georgia. That violation constituted negligence per se on their part, and if you believe from the evidence that, that negligence was the cause of the collision, then neither Mrs. M. H. Guest, nor Claire Guest could recover."

Charge 11, Record 10,356; Charge 6, Record 10,357.

"In the allegations of plaintiff, as well as in the evidence, it is shown that the road through which both the truck, which was moving in at the time, and the Guest automobile which was traveling therein at the time, was in a deep cut. This deep cut is referred to in the law of Georgia as a dugway, hence is designated as a dangerous situation, and as such, it would be the duty of the driver of the car in approaching this dugway or deep cut, as well as driving in it, to sound the horn, and a failure to do so would be negligence per se, and if you believe that that negligence was the cause of the accident, plaintiff would not be entitled to recover."

The first quoted charge is argumentative, and concludes with an outright assumption that there was a violation of the law of Georgia by saying, "That violation constituted negligence per se." Under the facts of this case I think the giving of such a charge would have been reversible error.

The second quoted charge was altogether misleading in that the testimony and photographic exhibits clearly established that the truck was not moving in the cut at the time of or before the accident. The truck was moving toward and into the main highway from the field and side road, and the driver of the truck so testified: "The road there with reference to decline or incline immediately in front of the gate is what you might say level, level road." On entering the main highway from the field, the truck driver could see down the road toward the curve, and from which direction the Guest automobile was coming, a distance of more than three hundred feet. "I could see one hundred and five steps." At the time of the accident neither the truck nor the automobile were moving "in a deep cut" as this instruction would have advised the jury. It would have informed ·the jury of a dangerous condition when as a matter of fact, and upon the undisputed evidence, no dangerous condition existed. The driver of the truck from his vantage place could see down the road for over one hundred yards, and he deliberately drove the truck of his master out into the highway where it was level and into the path of the oncoming Guest automobile. The Guest car was not "approaching any sharp curve, dugway, descent or other dangerous place", and the undisputed evidence shows that Section 68-603 of the Georgia Code of 1933 has no application to the facts of these cases. The requested charges were not adjusted to the evidence and were properly refused. Acme Freight Lines v. Blackmon, 5 Cir., Oct. 27, 1942, 131 F.2d 62; Mayor, etc., of Madison v. Thomas, 130 Ga. 153, 60 S.E. 461; Glawson v. State, 146 Ga. 38, 90 S.E. 955; Perry v. State, 110 Ga. 234, 36 S.E. 781.

I think the oral charges of the court were full, clear, and adjusted to the facts of these cases, and that the material issues were fairly ‚presented to the juries for decision, and that the trial court should not be put in error for failing to give the two requested charges. Moreover, I think substantial justice has been done in the cases, and that the verdicts and judgments are abundantly supported by the evidence which shows that the accident was the result of the truck driver's negligent conduct in entering the main highway from

a private side road without taking precaution to see that the highway was clear of approaching traffic.

I stand by the original opinion of the court. It was right. I therefore, respectfully dissent from the opinion on rehearing.