## 30630. MORAN *v.* THE STATE.

DECIDED OCTOBER 27, 1944.

*M. G. Hicks,* for plaintiff in error.

*Henderson L. Lanham, solicitor-general,* contra.

BROYLES, C. J. The defendant was indicted for murder, and convicted of voluntary manslaughter. His motion for a new trial was overruled, and he excepted to that judgment.

The evidence amply authorized the verdict, and therefore the general grounds of the motion are without merit. A special ground alleges that the court erred in refusing to grant a mistrial because the solicitor-general in his argument to the jury stated: "You know the defendant is not telling the truth and everyone else knows it." Conceding that the argument was improper, we do not think that the ground shows reversible error since the ground fails to show whether or not the solicitor-general was rebuked by the court, and fails to show whether or not the jury were strongly admonished that the language was improper and should be disregarded by them. This is true because of the repeated rulings of the Supreme Court and this court that a special ground of a motion for new trial must be complete and understandable within itself, and that the ground will not be considered where, in order to determine whether reversible error was committed, it becomes necessary for the court to refer to any other part of the record. In this case, the evidence amply authorized the verdict, and it was important that this court, in order to determine whether the denial

of a mistrial was error, should know, from the special ground itself, whether the court rebuked the solicitor-general for his improper statement and whether he strongly admonished the jury to disregard the statement. In *Mitchell* v. *State,* 17 *Ga. App.* 325 (4) (86 S. E. 737), this court said: "In such a case the trial judge, when requested so to do, should either declare a mistrial or strongly admonish the jury that the language is improper and should be disregarded in their deliberations." The denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*