34665. MONROE *v.* THE STATE.

DECIDED JUNE 9, 1953.

*E. W. Maynard, Kenneth L. Leake, H. T. O'Neal, Jr.,* for plaintiff in error.

*Wm. M. West, Solicitor-General, Chas. F. Adams, Assistant Solicitor-General,* contra.

TOWNSEND, J. ■ The first special ground assigns error on the failure of the court to sustain an objection to alleged improper argument on the part of the assistant solicitor-general. The original statement of the solicitor to which the objection was directed does not appear in the record, and the trial court, while certifying that the subsequent colloquy between the parties is correctly reported, does not certify to the truth of the solicitor's allegedly prejudicial argument as indicated by the statements of counsel for the defendant. The solicitor's argument as interpreted by counsel for the defendant was harmful and prejudicial, but, as subsequently restated by the solicitor for the record, was not objectionable. However, the defendant's construction of the argument is not certified as true by the trial court, and, for this reason, the ground presents nothing for de-

cision by this court. See *Clardy* v. *State*, 87 *Ga. App.* 633 (1) (75 S. E. 2d 208).

■ ■ Error is assigned in the second special ground on the refusal of the trial court to give in charge a request as follows: "I charge you, gentlemen, as to the contentions of the defendant. The defendant contends that the deceased had frequently, since the year 1951, abused and mistreated her. She contends that on one occasion he made a violent assault on her, without any provocation, and broke her glasses and gave her a severe beating. She contends that, because of this, she lived in fear of the deceased. She further contends that, on the night of the deceased's death, she was cleaning up the house in which she and her sister lived; and that, while in her own home, and while walking down the hall thereof, the deceased assailed her. She contends that she had armed herself for protection against the deceased; and, when the assault which she contends was made upon her occurred, *she contends that she fired at the deceased for protection of her own life and limb.* She avers that she was then and there acting under the .fears of a reasonable person in an effort *to prevent a felony from being inflicted upon her. I charge you that if you find these contentions to be the truth of the case, then the defendant would not be guilty of any crime, and it would be your duty to acquit her."* Only the underlined portions of this request were given in charge, together with a general charge that the defendant contended that she was not guilty of any offense.

Code § 70-207 provides for a new trial in cases where the court refuses to give "a pertinent legal charge in the language requested." This language is construed to mean, not that the court must necessarily use the same form and sequence of words as the request, but that "the principle invoked is just as plainly and understandably expressed, and as concretely related, as in the request presented." *Werk* v. *Big Bunker Hill Mining Corp.*, 193 *Ga.* 217, 240 (17 S. E. 2d 825) ; *Ridley* v. *State*, 85 *Ga. App.* 331, 335 (69 S. E. 2d 668). The principle here invoked is that the defendant fired in self-defense, according to her contentions, to prevent a felony from being inflicted upon her, and this contention was charged. The court omitted a repetition of the narration of prior incidents related by the defendant in her

statement to the jury as to previous encounters with the deceased. Parts of the requested charge—as that the defendant was cleaning house when the incident took place—are both immaterial and inaccurate, this contention not having been made by the defendant. The defendant's contention that she shot in self-defense necessarily and by definition embraces the contention that she acted under the fear of a reasonable person to prevent a felony, and as to such fear the court charged as follows: "If, under all the facts and circumstances as they existed at the time of the alleged homicide, this defendant as a reasonable person, a reasonably courageous person, believed that it was necessary to take the life of the deceased in order to save her own life or in order to prevent the commission of a felonious assault upon her person, and the defendant in good faith acted under the influence of those fears and not in a spirit of revenge, then she would be justified and you should acquit her. This is true although you should find that there was in fact no actual danger, actual assault or impending danger. However, this doctrine of reasonable fears as a defense applies in a case of homicide only where the danger apprehended is urgent and pressing or apparently so at the time of the killing." Having so charged, and having stated the defendant's contentions as to her reasons for firing upon the deceased as succinctly and specifically as they were given in the request, the court was not obliged to go further and relate the defendant's contentions as to prior transactions, which did not, in themselves, constitute an element of defense. This special ground is without merit.

■ The remaining special ground complains of the trial court's refusal to charge in the language of a request, which is, in substance, not so favorable to the defendant, on the subject that "reasonable fear" for one's life would justify the killing, as the charge on the subject last above quoted. The instruction given was correct and complete, and embodied every element contained in the request, and was therefore a substantial compliance therewith. *Wilson* v. *State*, 176 *Ga.* 198 (167 S. E. 111); *Mixon* v. *State*, 7 *Ga. App.* 805 (68 S. E. 315); *Brown* v. *State*, 195 *Ga.* 430 (24 S. E. 2d 312).

■ The defendant introduced no evidence, but in her statement admitted the killing and that she had made a prior pur-

chase of the weapon involved for possible use against the deceased. The State's evidence indicated that the deceased and the defendant had quarreled in the hallway of the latter's home; that she went to her room and procured the pistol, and then returned and fired the fatal shot. She stated that the deceased made an assault upon her, but did not indicate that it was made by any weapon likely to produce death. A verdict of guilty of voluntary manslaughter was therefore authorized by the evidence.

The trial court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*