18301. HEARD v. THE STATE.

HAWKINS, Justice. 1. Code § 81-1009 provides: "Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the

improper impression from their minds; or, in his discretion, he may order a mistrial if the plaintiff's attorney is the offender."

2. "When improper argument to the jury is made by an attorney for one of the parties, it is necessary, in order to make the same a basis for review, that opposing counsel should make objection to such argument or invoke some ruling or instruction with reference thereto by the court; but it is not essential that a motion for mistrial should be made." *Brooks* v. *State,* 183 *Ga.* 466 (188 S. E. 711, 108 A.L.R. 752).

3. Where, as in this case, the death penalty has been imposed by the jury upon the defendant tried for murder, and during the trial of the case the solicitor-general in his argument to the jury stated, with reference to one of the witnesses who had been sworn in behalf of the State, that "Judge John Verner, one of the witnesses that you have heard testify in this case, and one of our most prominent attorneys, for whom I have great admiration and respect, told me that this murder was so brutal and merciless that it made such an impression upon him, and affected him so much and to such an extent that he never expected, so long as he practiced law, to represent another person charged with murder," and such argument by the solicitor-general was objected to by counsel for the defendant upon the ground that it was improper, and counsel requested the court to instruct the jury to disregard said improper remarks, and where there was no evidence to support such argument, and evidence to support much of the argument would have been inadmissible had it been offered—it was reversible error for the trial judge to simply rule: "All right, stay within the evidence," and fail to rebuke the solicitor-general, and fail to endeavor to remove the improper impression from the minds of the jury by all needful and proper instructions to disregard such argument. *Barfield* v. *State,* 179 *Ga.* 293 (175 S. E. 582) ; *Mitchum* v. *State,* 11 *Ga.* 615; *Jones* v. *State,* 207 *Ga.* 379 (3) (62 S. E. 2d 187) ; *Washington* v. *State,* 80 *Ga. App.* 415 (56 S. E. 2d 119).

4. It is not required that the official court reporter be in the courtroom at all times during argument of counsel in a felony case in order for the defendant to have a fair trial. Code § 24-3101; *Kearney* v. *State,* 101 *Ga.* 803 (6) (29 S. E. 127); *Robinson* v. *State,* 209 *Ga.* 650 (75 S. E. 2d 9).

5. While the evidence amply authorized the verdict, the judgment denying the motion for a new trial must be reversed because of the error pointed out in the third division of the opinion.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 16, 1953—DECIDED OCTOBER 14, 1953.

*W. Harvey Armistead,* for plaintiff in error.

*Roy Leathers, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.