### 20015.   BROWN *v.* BARNETT.

DUCKWORTH, Chief Justice.   1.   A ground of a motion for new trial, in order to be considered by the Supreme Court, must be approved by the trial judge without qualification. *Hatcher* v. *State*, 176 *Ga.* 454 (4) (168 S. E. 278); *Gray* v. *Junction City Mfg. Co.*, 195 *Ga.* 33 (1) (22 S. E. 2d 847); *Andrews* v. *State*, 196 *Ga.* 84, 86 (14) (26 S. E. 2d 263); *Gunnells* v. *State*, 199 *Ga.* 486 (34 S. E. 2d 654); *Lightfoot* v. *Applewhite*, 212 *Ga.* 136 (91 S. E. 2d 37). The written statement by the

trial judge, following the special grounds, that he could not recall whether or not the answer complained of was sent out with the jury, but that the attorneys for both parties agreed and approved the court papers thus sent out, is a qualified disapproval of the special ground complaining of the illegal allowance in evidence of a purported answer to the caveat, which was allegedly not a part of the record and inadvertently included and admitted as a part thereof. The appended note of the trial judge also states that both lawyers, in effect, stipulated in open court that the sole issue was the testamentary capacity of the deceased testatrix, and this is tantamount to a disapproval of the special ground of the motion complaining of the failure to charge on fraud and undue influence. This part of the record is in direct conflict with the trial judge's approval of the bill of exceptions, which sets out his colloquy with counsel of both parties stating the issues to be mental incapacity to make a will or "whether or not undue influence was exercised upon her at the time she purported to make the will." The Supreme Court has no discretion in cases of such conflict, for when there is a conflict in the recitals in the bill of exceptions and the record, the record must control. *Johnson* v. *Sherrer,* 197 *Ga.* 392 (29 S. E. 2d 581) ; *Saliba* v. *Saliba,* 201 *Ga.* 681 (40 S. E. 2d 732) ; *Webb* v. *Walker,* 213 *Ga.* 285 (99 S. E. 2d 75). Hence the special grounds, not being unqualifiedly approved, cannot be considered by this court.

2. The evidence was sufficient to support the verdict of the jury that the testatrix had sufficient mental capacity to execute her will, hence the court did not err in denying the motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 10, 1958—DECIDED APRIL 11, 1958—
REHEARING DENIED MAY 7, 1958.

*Jas. L. Moore, Clark Ray,* for plaintiff in error.
*Joe Hill Smith,* contra.