## 20827. DALTON *v.* THE STATE.

CANDLER, Justice. Herschell E. Dalton was indicted in Fulton County for the offense of robbery. The indictment contains three counts, and alleges that the accused committed the offense charged on three different persons by force and by use of an offensive weapon, to wit, a pistol. He was convicted on each count and sentenced to serve the prison terms which the jury fixed. In due time, he moved for a new trial on the usual general grounds. Later, he presented an amendment to his motion which added four special grounds, and the trial judge entered on it the following order: "The foregoing amendment is ordered filed as a part of the record as of 18th of Dec., 1959." A new trial was denied on December 29, 1959. Subsequently, the judge granted the following undated order: "The amendment to the motion for new trial made by defendant Herschell E. Dalton in the above stated case, as dealt with in the order of the Court entered on the motion for new trial as amended, whereby new trial was denied, in which order the Court makes recitations of and reference to the recited facts in each of the grounds of said amendment, is approved. Such approval was made by the Court at the time of overruling of the motion for new trial as amended in and by said order, and this written entry of said approval is now made by the Court as of the date and time of the entry of said order overruling said motion for new trial as amended." The defendant excepted to the judgment which denied him a new trial. *Held:*

1. There is no merit in the general grounds of the motion for new trial. As to each count of the indictment, the evidence was amply sufficient to support the jury's verdict.

2. The grounds of a motion for new trial must be distinctly and unqualifiedly approved by the trial judge before they can be considered by this court. *Godsey* v. *State,* 171 *Ga.* 233 (2) (155 S. E. 28); *Gay* v. *State,* 173 *Ga.* 793 (161 S. E. 603); *Brown* v. *Barnett,* 214 *Ga.* 128 (103 S. E. 2d 556), and the several cases there cited. In this case there is no order which expressly approves or disapproves the special grounds which the amendment to the motion for new trial contains. When the amendment was presented to the trial judge, he simply ordered it filed as a part of the record. The judgment overruling the "motion for new trial as amended" is completely silent as to

any approval or disapproval of the special grounds, but there is a long recitation of facts concerning them by the judge, and in such judgment he certifies that the facts as recited by himself are a full account or statement of what occurred on the trial respecting the matters complained of in the grounds of the amendment to the motion for new trial, and those facts are more extensive than, and materially different from, those alleged in movant's amendment to his original motion. Properly construed, the judge's undated order, which was granted subsequently to the judgment denying a new trial, approves the special grounds of the amendment subject to his full recital of what actually occurred on the trial respecting them, and such an order does not amount to an unqualified approval of such special grounds. *Landrum* v. *Landrum*, 145 *Ga.* 307 (2) (89 S. E. 201); *Gray* v. *Junction City Mfg. Co.*, 195 *Ga.* 33 (1) (22 S. E. 2d 847); *Mathis* v. *Lathrop's Hatchery, Inc.*, 211 *Ga.* 320 (5) (85 S. E. 2d 764); and *Brown* v. *Barnett*, 214 *Ga.* 128, supra. In *Gray's* case, supra, headnote 1, it was said: "A ground of a motion for new trial must be unconditionally approved by the trial judge; and where, as here, to special grounds 1 and 3 the judge appends qualifying notes which refer to the general charge, the pleadings, the evidence, and argument of counsel, as showing the truth of the recitals of such grounds, they are not unqualifiedly approved, and will not be considered by the Supreme Court." And since the grounds of the movant's amendment to his original motion for new trial have not been distinctly and unqualifiedly approved by the trial judge, they cannot, under repeated unanimous decisions rendered by this court, be considered in the instant case.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*

ARGUED MARCH 15, 1960—DECIDED APRIL 7, 1960.

*Kyle Yancey, Harris Bullock, Bullock, Yancey & Mitchell,* for plaintiff in error.

*Paul Webb, Solicitor-General, Eugene L. Tiller, Carl B. Copeland, Frank S. French, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.