40683.   BROWN v. THE STATE.

DECIDED OCTOBER 5, 1964.

*Hollowell, Ward, Moore & Alexander, Howard Moore, Jr.,* for plaintiff in error.

*George D. Lawrence, Solicitor General,* contra.

HALL, Judge.   Special ground 4 of the defendant's amended motion for new trial reads as follows: "Because the court erroneously overruled the defendant's motion for mistrial on the grounds that the solicitor general's argument to the jury was improper.   Said motion having been made as follows: 'By Mr. Moore: I have an objection, Your Honor, in behalf of the defendant I move for a mistrial on the grounds of improper

argument on behalf of the solicitor.' By the Court: 'I overrule the objection.' Movant contends the motion was directed to the following remarks of the solicitor general, in substance, although the specific remarks objected to were not called to the attention of the court during the trial, to wit: (1) The defendant had gone to Decatur Street in Atlanta and gotten rebellious racial ideas; (2) Negroes should stop imitating us and do what they can do best; (3) defendant should be proud of his race; (4) some white people can't say Negro so they say something between Negro and Nigger, nigra; and (5) how he (the solicitor) wished he could sing and dance like they do. Further, because the court erroneously overruled the defendant's renewed motion for mistrial on the grounds of improper argument at the close of the solicitor general's argument to the jury. Said motion having been made as follows: 'By Mr. Moore: I renew the motion for mistrial on the grounds of improper argument to the jury. The Court: I overrule your motion.' As defendant contends, said argument of the solicitor general was, and is, highly prejudicial to the right of the defendant to a fair and impartial trial before his peers and was designed, intended and calculated to deprive the defendant of a fair and impartial trial in violation of Article I, Paragraph III, Section I, Constitution of the State of Georgia of 1945 and of Section I, Fourteenth Amendment of the Constitution of the United States, even though no objection raising constitutional issues, was made during the trial."

The trial court added a note on this ground stating: "During arguments to the jury the court was engaged in preparing instructions for the jury and did not hear the statements alleged to have been made by the solicitor general, as set forth in the fourth special ground of the motion. This 20th day of December, 1963." The order signed by the trial court approving this ground reads: "The above and foregoing amended motion for new trial *and the note of the court therein as a part thereof* are hereby approved and made a part of the record in said case and ordered filed. This 20th day of December, 1963."

It is contended that the trial court did not err in overruling the ground of the motion for new trial because it was in effect unapproved by the trial court. *Lewis v. State*, 7 Ga. App. 56

(65 SE 1072); *Jones v. State,* 25 Ga. App. 403 (103 SE 472). The record in the *Lewis* case reveals the following order of the court on the amendment to the motion for new trial: "The court did not hear the statement alleged to have been made by the solicitor (that the defendant has been running a blind tiger for two or three years) and cannot say whether or not it was made —upon objection being made and motion to declare a mistrial made, the court overruled the motion and *instructed the solicitor to confine his argument to the evidence in the case.* With this explanation the above ground of the motion is approved and the amendment allowed, Aug. 23rd, 1909." (Emphasis supplied). The *Jones* record shows this note of the trial judge on the ground of the motion for new trial: "The court does not remember the argument of State's counsel (that this was one of the plainest cases he had ever presented to the jury that the defendant was guilty of selling whiskey, repeated half a dozen times, and lecture to jury on the advantages of the prohibition law) in the case and cannot say whether he did or did not use the language imputed to him. *No objection to his argument was made at the time, no ruling of the court was invoked and none made thereon."* (Emphasis supplied).

While the *Lewis* and *Jones* opinions stated that the trial court's qualification "leaves the ground [of the motion for new trial] unapproved and prevents its consideration by this court," we are of the opinion that, due to the differences and other reasons for the judgments in those cases, they are not controlling in the present case.

In this case the trial judge's note on the ground stated only that he did not hear the alleged statements of the solicitor; it does not express any question in the judge's mind that they are true. The record shows that the amendment to the motion for new trial was served on the solicitor prior to the trial judge's notation and order of approval thereon. The record nowhere shows that the trial judge or the solicitor questioned or disputed the accuracy of the ground. The trial judge *ruled on the ground* citing reasons and authorities for overruling it; he thus *accepted* and *treated* the ground as true. These facts distinguish this case from *Glawson v. State,* 146 Ga. 38 (90 SE 955), and from *Mon-*

*roe v. State,* 88 Ga. App. 325 (77 SE2d 60), where the overruling of grounds of motions for new trial were affirmed because there was disagreement as to what occurred during the trial, and the trial court declined to approve the grounds based upon motions for mistrial because of unfair and inflammatory and improper argument, and from other cases in which approval of grounds of a motion for new trial (not based on improper remarks of counsel) was qualified because of conflict or disagreement as to the corrections of the record or ground. *Gray v. Junction City Mfg. Co.,* 195 Ga. 33, 35 (22 SE2d 847) ; *Brown v. Barnett,* 214 Ga. 128 (103 SE2d 556) ; *Dalton v. State,* 215 Ga. 857 (113 SE2d 771).

The trial court in its order overruling the motion cited *Pressley v. State,* 207 Ga. 274, 278 (61 SE2d 113), holding a ground of a motion, complaining of a remark of counsel to the effect that a witness had sworn falsely, was incomplete when it did not aver that the remark was not based upon any evidence, and hence the remark would be treated as a deduction from the evidence. The effect of this remark was a comment upon the credibility of the testimony or the impact of the evidence. We are of the opinion that we should not treat remarks aimed toward popular prejudice as a deduction from the evidence, and hence a ground of a motion for new trial failing to aver that remarks of this character are not supported by the evidence would not be defective. Accord *Ivey v. State,* 113 Ga. 1062 (39 SE 423, 54 LRA 959) ; *Atlanta Coca-Cola Bottling Co. v. Shipp,* 170 Ga. 817, 823 (154 SE 243, 71 ALR 1295).

This view finds support in *Atlanta Coca-Cola Bottling Co. v. Shipp,* 170 Ga. 817, supra, where the ground of the motion for new trial complaining of the failure to grant a mistrial did not aver that the improper remarks of counsel were not based upon any evidence. See record in *Atlanta Coca-Cola Bottling Co. v. Shipp,* Court of Appeals No. 19216. The Georgia Supreme Court there held that evidence that women inspectors employed by the defendant for examining its product "were 'persons of color' was not admissible as a circumstance which the jury would have the right to know and consider, and which counsel for the plaintiff would have the right to comment upon as illustrating

the efficiency or lack of efficiency of such inspectors, where such inspectors were not introduced as witnesses, and neither party sought otherwise to establish their efficiency or lack of efficiency. . . . Even if such testimony was admissible for some other reason as, for instance, a means of testing, on cross examination, the knowledge of a defendant's witness, and if such testimony was admitted generally, without limiting or restricting the purpose of its admission, counsel for the plaintiff would not have the right, in his argument before the jury, to comment upon the race and color of such inspectors as a fact or circumstance illustrating their lack of efficiency. . . Whether the inspectors were white or black, or of any other color, would have no relevancy to the case. . . The law knows no color; indeed, it is colorblind. The goddess of justice is represented with bandaged eyes in order that she may neither see nor know either suitor, as she holds the scales of justice with an even and impartial hand." Accord *Mitchum v. State*, 11 Ga. 615, 633; *Augusta &c. R. Co. v. Randall*, 85 Ga. 297 (11 SE 706); *Cofield v. State*, 14 Ga. App. 813 (82 SE 355).

The content of the solicitor's remarks had no relevancy in the present case, and, as a practical matter it was the sort of irrelevant argument which cannot be said with assurance would not have a prejudicial effect on the defendant's right to a fair trial. "The purpose of the laws of this country, both State and Federal, is to afford equal protection to all. . . our courts must continue to recognize that racial prejudice has no place in the administration of justice." *Ingram v. State*, 97 Ga. App. 468, 488 (103 SE2d 666). To afford to the present defendant equal protection with the Atlanta Coca-Cola Bottling Company, we cannot fail to apply the decision in the *Shipp* case, supra.

It is true decisions of our courts have held that the trial judge in exercising the responsibility of seeing that the rights of the criminal defendant as well as the rights of the State are protected is given a broad discretion, and that his discretion will not be interfered with unless it is apparent that prejudice from improper argument has not been removed, and that a mistrial was necessary to preserve the right of fair trial. In the cases applying this principle, however, the trial court before denying

a mistrial had taken some action to prevent unfair prejudice to a party by admonition or rebuke to counsel and/or instructions to the jury with the purpose of eradicating the effect of prejudicial remarks. See *Adkins v. Flagg,* 147 Ga. 136 (93 SE 92); *Brooks v. State,* 183 Ga. 466 (188 SE 711, 108 ALR 752); *Worthy v. State,* 184 Ga. 402 (191 SE 457); *Smith v. State,* 204 Ga. 184, 188 (48 SE2d 860); *Avery v. State,* 209 Ga. 116, 125 (70 SE2d 716), reversed on other grounds, 345 U.S. 559 (73 SC 891, 97 LE 1244); *City Council of Augusta v. Hamilton,* 56 Ga. App. 859, 861 (194 SE 244); *Grayhouse v. State,* 65 Ga. App. 853, 854 (16 SE2d 787); *Black & White Cab Co. v. Clark,* 67 Ga. App. 170, 175 (19 SE2d 570); *Yellow Cab Co. v. Adams,* 71 Ga. App. 404, 416 (31 SE2d 195); *United Motor Freight Terminal Co. v. Hixon,* 78 Ga. App. 638, 640 (51 SE2d 679); *Osteen v. State,* 83 Ga. App. 346, 349 (63 SE2d 416).

And when it appears that the corrective action taken by the trial court to eradicate the effect of improper argument is not effective to remove harm, the denial of a mistrial has been reversed. *Smoot v. State,* 146 Ga. 76 (90 SE 715); *Brown v. Wilson,* 55 Ga. App. 262, 265 (189 SE 860); *Georgia Power Co. v. Puckett,* 181 Ga. 386 (182 SE 384); *Heard v. State,* 210 Ga. 108 (78 SE2d 38); *Augusta &c. R. Co. v. Randall,* 85 Ga. 297, 317, supra; *Cofield v. State,* 14 Ga. App. 813, supra; *Ingram v. State,* 97 Ga. App. 468, 482, supra.

In the words used by Justice Lamar and adopted by Justice Russell, "The Constitution guarantees to every defendant a fair and impartial trial. Every litigant is entitled to the same right, and he does not get it where any influence except the law and the evidence is allowed to affect the minds of the jury. Hisses, cheers, demonstrations, improper appeals, argument not warranted by the evidence, and the like, all constitute an impairment of the right to a fair trial. . . Such things ought not to occur. Where possible, they should be nipped in the bud before they have had time to ripen into damage. It is not necessary to wait for either party to object. . ." *Patton v. State,* 117 Ga. 230, 238 (43 SE 533); *Worthy v. State,* 184 Ga. 402, 408, supra; *Ingram v. State,* 97 Ga. App. 468, 482, supra.

*Code* § 81-1009 provides: "Where counsel in the hearing of

the jury makes statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same; and, on objection made, he shall also rebuke the counsel, and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds; or in his discretion, he may order a mistrial if the plaintiff's attorney is the offender." This law places an *affirmative duty* upon the trial judge to prevent on his own motion argument by counsel calculated to invoke prejudice against the adverse party. *Mitchum v. State,* 11 Ga. 615, 629, supra; *Farmer v. State,* 91 Ga. 720 (18 SE 987); *Smoky Mountain Stages, Inc. v. Wright,* 62 Ga. App. 121, 122 (8 SE2d 453); 88 CJS 307, § 158. When the court after objection fails to rebuke counsel and endeavor by needful instructions to remove the prejudicial effect of the remarks from the minds of the jury or to order a mistrial, a new trial is required. *Hammond v. State,* 51 Ga. App. 225 (179 SE 841); *Western &c. R. Co. v. Cox,* 115 Ga. 715 (42 SE 74); *Thompson v. State,* 27 Ga. App. 637 (109 SE 516); *Ingram v. State,* 97 Ga. App. 468, 486, supra.

It is true that a ground for a new trial is not established unless counsel calls attention to the prejudicial remarks and invokes a ruling by the court on an objection or motion. *Mims v. State,* 188 Ga. 702, 704 (4 SE2d 831); *Cochran v. State,* 213 Ga. 706 (100 SE2d 919); *Georgia Power Co. v. Puckett,* 181 Ga. 386, 395, supra.

We do not construe the decisions just cited to require counsel, when he objects or makes a motion during the trial following the prejudicial arguments made in the presence and hearing of the court, necessarily to repeat the remarks in his objection. The cases applied by the trial court, holding that it is not error to overrule an objection to evidence that is too general, do not control this case. In objecting to evidence during the trial a party must state the rule of evidence he contends is violated, but he need not recite in his objection the testimony or document objected to which has been offered in the presence and hearing of the court.

This court has taken the position that ". . . the trial judge is more than a mere chairman preserving order at a meet-

ing or a mere moderator of a debate, but he is a minister of justice with a duty to govern the progress of a trial. . ." *Heard v. Heard,* 99 Ga. App. 864, 869 (110 SE2d 76).

It must be presumed that the court, in performing its duty to interpose and prevent prejudicial argument, is listening to the argument and has heard the remarks. If for any reason the court has not heard or is in doubt as to the specific remarks upon which the party bases his objection or motion, the same duty would require the court to inquire and ascertain with the aid of both parties what has been said in order that he may decide whether the remarks are improper and rule on the objection or motion. Overruling a motion for mistrial on the ground of improper argument made in the presence of but not heard by the court, without calling upon the movant and/or the adverse counsel to inform the court what has been said, does not fulfill the court's duty to interpose and prevent prejudicial argument called to his attention by rebuke of counsel and needful instructions, or to exercise his discretion to declare a mistrial. The exercise of discretion presupposes knowledge of facts affecting the merits of the ruling invoked.

The record in this case shows that the court overruled the motion for mistrial without having heard or made inquiry to ascertain what were the alleged prejudicial remarks and therefore without knowing the facts upon which the motion was based. This is not the exercise of discretion as contemplated by the statute placing upon the trial court the duty to act without request to prevent prejudicial argument and, when it is called to his attention that it has not been prevented, to take positive action to eradicate its effect.

Georgia jurists among those most revered have emphatically condemned appeals to juries based on irrelevant prejudice. Justice Nisbet (1852) reminded us that "Every person accused is entitled to be tried by a Jury, and according to the laws of the land. This is the greatest of all the privileges conferred by Magna Charta, and it is guaranteed by our own fundamental law. Now I assume that this privilege is violated, if counsel are permitted to state facts and comment upon them in argument against the adverse party which are not before the Jury by proof

regularly submitted. The accused is not only entitled to have a trial by a Jury of twelve men, but he is entitled to have his trial conducted according to the course and usage of the Common Law. 'By the law of the land,' as used in the Great Charter, has been understood due proof of law, that is, indictment or presentment; but that is not now the only meaning of these words. They mean that the party charged, shall be indicted, arraigned and tried according to the rules of law and the established usages of the Courts." *Mitchum v. State*, 11 Ga. 615, 633, supra.

Justice Simmons (1889) pointed out that comments that arouse irrelevant prejudice or passion have nothing to do with the establishment of the truth of the case, which is the duty of counsel and the purpose of forensic strife. To counsel, therefore "the largest and most liberal freedom of speech is allowed, and the law protects him in it . . . To this freedom of speech however, there are some limitations . . . [Counsel] is outside his duty when he appeals to prejudice irrelevant to the case . . . He has neither the duty nor right to appeal to the prejudice, just or unjust . . . *dehors* the very case he is to try. The very fullest freedom of speech, within the duty of his profession, should be accorded to counsel; but it is license, not freedom of speech, to travel out of the record, basing his argument on facts not appearing and appealing to prejudices irrelevant to the case and outside of the proof. It may sometimes be a very difficult and delicate duty to confine counsel to a legitimate course of argument. But, like other difficult and delicate duties, it must be performed by those upon whom the law imposes it. It is the duty of the circuit courts, in jury trials, to interfere in all proper cases, of their own motion. This is due to truth and justice. And if counsel persevere in arguing upon pertinent facts not before the jury, or appealing to prejudices foreign to the case in evidence, exception may be taken by the other side, which may be good ground for a new trial, or for a reversal in this court." *Augusta &c. R. Co. v. Randall*, 85 Ga. 297, 319, 320, 321, supra.

Judge Russell (1914) in *Cofield v. State*, 14 Ga. App. 813, supra, stated that argument ". . . so foreign to the issue, so

improper and so prejudicial to the defendant's right to a fair trial . . . required the grant of a mistrial when asked by the defendant. The evil effect of this argument as to impertinent and prejudicial matters cannot be held to be effectually cured by a mere instruction on the part of the court to the jury to disregard it."

Courts of our neighboring States as well as our own have condemned appeals in trials to local prejudices. See Ann. 45 ALR2d 303, 333 et seq.; 53 Am. Jur. 400, § 495 et seq.; 88 CJS 371, § 187 et seq.

The principles of law set out above are not new—they are ancient. They reach back across the opinions of both this court and the Supreme Court of Georgia to the Great Charter at Runnymede on June 15, 1215. The defendant in this case has been denied one of free man's most precious rights—a fair trial.

The trial court erred in overruling ground 4 of the defendant's motion for new trial.

*Judgment reversed. Bell, P. J., Jordan, Eberhardt and Russell, JJ., concur. Felton, C. J., Nichols, P. J., Frankum and Pannell, JJ., dissent.*

NICHOLS, Presiding Judge, dissenting. Special ground numbered 4 of the amended motion for new trial is as follows: "4. Because the court erroneously overruled the defendant's motion for mistrial on the grounds that the solicitor general's argument to the jury was improper. Said motion having been made as follows: 'By Mr. Moore: I have an objection, Your Honor, in behalf of the defendant I move for a mistrial on the grounds of improper argument on behalf of the solicitor. By the Court: I overrule the objection.' *Movant contends* the motion was directed to the following remarks of the Solicitor General, in substance, *although the specific remarks objected to were not called to the attention of the court during the trial* [Italics ours] to wit: (1) The defendant had gone to Decatur Street in Atlanta and gotten rebellious ideas; (2) Negroes should stop imitating us and do what they can do best; (3) Defendant should be proud of his race; (4) some white people can't say Negro so they say something in between Negro and Nigger, nigra; and (5) how he (the solicitor) wished he could sing and dance

like they do. Further because the court erroneously overruled the defendant's renewed motion for mistrial on the grounds of improper argument at the close of the solicitor's argument to the jury. Said motion having been made as follows: 'By Mr. Moore: I renew the motion for mistrial on the grounds of improper argument to the jury. The Court: I overrule your motion.' As defendant contends, said argument of the solicitor general was, and is, highly prejudicial to the right of the defendant to a fair and impartial trial before his peers and was designed, intended and calculated to deprive the defendant of a fair and impartial trial in violation of Article 1, paragraph III, Section 1, Constitution of the State of Georgia of 1945 and of Section 1, Fourteenth Amendment of the Constitution of the United States, even though no objection raising constitutional issues, was made during the trial." The order of the trial court overruling such ground of the motion stated: "During arguments to the jury the court was engaged in preparing instructions for the jury and did not hear the statements alleged to have been made by the solicitor general, as set forth in the fourth special ground of the motion."

"This court has frequently held that where counsel make unauthorized and improper statements in their arguments before juries, opposing counsel *should call attention to the same and either move for a mistrial or request the court to instruct the jury to disregard such statements.* As instances in point, see *Young v. State,* 65 Ga. 528; *Ozburn v. State,* 87 Ga. 173; *Edwards v. State,* 90 Ga. 143; *Croom v. State,* Ibid. 430; *Metropolitan Street R. Co. v. Johnson,* Ibid. 500; *Farmer v. State,* 91 Ga. 728; *Von Pollnitz v. State,* 92 Ga. 16; *Augusta Railway Co. v. Glover,* Ibid. 133; *Robinson v. Stevens,* 93 Ga. 539; *Morris & Co. v. Maddox,* 97 Ga. 581; *Gress Lumber Co. v. Coody,* 99 Ga. 779; *Kearney v. State,* 101 Ga. 804-5; *Smalls v. State,* 102 Ga. 35." *Bowens v. State,* 106 Ga. 760, 764 (32 SE 666). (Emphasis supplied). The motion for mistrial made during the argument by the solicitor general did not call the remark to the attention of the trial court but had the effect of attacking all of the argument of the solicitor general. Such objection was insufficient.

1. The trial court in approving such ground stated that he did not hear the remarks and, as has been often said, "When

an exception is taken to alleged improper remarks of the solicitor general in the argument of the case, and the court qualifies it by the statement that he did not hear the remarks, and, therefore, cannot say whether the ground is true or not, this leaves the ground unapproved and prevents its consideration by this court." *Lewis v. State,* 7 Ga. App. 56 (4) (65 SE 1072); *Jones v. State,* 25 Ga. App. 403 (2) (103 SE 472). Accordingly, the trial court did not err in overruling this ground of the motion for new trial.

2. The opinion of the trial court shows that the objections made were not complete in that they attacked the whole argument of the solicitor general and were properly overruled if any part thereof was proper.

3. Even if the special ground of the motion for new trial be treated as having been approved by the trial court such an approval relates to allegations of fact and not the contentions of the movant, *Clifton v. State,* 187 Ga. 502, 509 (2 SE2d 102) and citations, *Reid v. Bryant,* 100 Ga. App. 105 (3) (110 SE2d 571) and citations, and where the ground merely contends that an objection was directed at certain language of the solicitor general but fails to allege as fact approved by the trial court that the objection was actually made to the particular argument such ground cannot be considered.

4. The special ground of the motion for new trial states that the motion for mistrial was overruled but it does not state that the trial court did or did not rebuke the solicitor general and direct him to confine his argument to relevant matter. In *Moran v. State,* 71 Ga. App. 670 (31 SE2d 834), it was held that a ground of a motion for mistrial which did not show whether the solicitor general had been rebuked was incomplete.

For each of the above four reasons the special ground of the amended motion for new trial, complaining of the failure to grant a mistrial, shows no reversible error.

I am authorized to say that Felton, C. J., Frankum and Pannell, JJ., concur in this dissent.